DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

GREAT BAY CONDOMINIUM OWNERS )
ASSOCIATION, INC., )
                                                )
       Plaintiff, )
                                                )     Civil No. 2014–66
       v. )
                                                )
MATTHEW MCCORMACK, )
                                                )
       Defendant. )
                                                )
                                                )

ATTORNEYS:

**James M. Derr, Esq.**
Law Offices of James M. Derr
St. Thomas, VI
    *For the Plaintiff*,

**William N. Drabble, Esq.**
Gray Reed & McGraw, P.C.
Dallas, TX
**Archie Jennings, Esq.**
The Law Office of Archie Jennings
St. Thomas, VI
    *For defendant Matthew McCormack.*

<u>MEMORANDUM OPINION AND ORDER</u>

**GÓMEZ, J.**

Before the Court is the motion of defendant Matthew McCormack to dismiss the Complaint filed by plaintiff Great Bay Condominium Association, Inc. pursuant to Federal Rule of Civil Procedure 12(b)(6).

Case: 3:14-cv-00066-CVG-RM   Document #: 68   Filed: 07/13/15   Page 2 of 17
*Great Bay Condominium Assoc. v. Carsey Mgmt. et al.*
Civil No. 2014-66
Memorandum Opinion and Order
Page 2

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

The Ritz-Carlton Club on St. Thomas is a community of timeshare properties. Owners of such properties own timeshare interval interests. The plaintiff, Great Bay Condominium Owners Association, Inc. ("Great Bay"), is a condominium association organized under the Virgin Islands Condominium Act. Great Bay is the organized association of unit owners for the Ritz-Carlton Club. Members of Great Bay own timeshare interval interests, allowing use of the condominium in which a member owns a timeshare for three fixed weeks each year. This three week period is referred to as a "reserved allocation." Owners are not charged for their reserved allocation. Owners may also book rooms at times other than their reserved allocation at a reduced rate. Owners may invite guests or friends to rent rooms at the reduced rate, provided the owner is in residence while the guest or friend is there. If an owner is an entity, rather than a natural person, the entity may designate up to four shareholders or members to use the reserved allocation and/or the special reduced rate.

Carsey Management, LLC ("Carsey") is a limited liability company incorporated in Texas. Lawrence Gregory Whaley ("Whaley") is the sole manager/member of Carsey. On or about August 1, 2005, Carsey purchased a timeshare interest in No.

1102-9 at the Ritz-Carlton Club and became a member of Great Bay. When asked by the Ritz-Carlton Club which four individuals should be added to Carsey's title for the time share, Whaley instructed the Ritz-Carlton Club to include Matthew McCormack ("McCormack") on Carsey's title. Matthew McCormack is a citizen of Canada.

McCormack is alleged to have used in excess of 560 nights of the reduced rental rate for his guests. Great Bay also alleges that McCormack was not in residence for most, or all, of the nights when his guests resided at the Ritz-Carlton Club. Great Bay asserts that it was thereby deprived of the difference in value between the usual rental rate and the reduced rate offered to the guests of owners-in-residence.

On June 11, 2014, Great Bay filed a complaint in the Superior Court of the Virgin Islands (the "Superior Court") against McCormack and Carsey. On July 30, 2014, Carsey removed the case to this Court. Thereafter, Great Bay amended its complaint (the "amended complaint"). The amended complaint asserts four claims: (1) fraud and misrepresentation as against Carsey; (2) fraud and misrepresentation against McCormack; (3)

Case: 3:14-cv-00066-CVG-RM Document #: 68 Filed: 07/13/15 Page 4 of 17
*Great Bay Condominium Assoc. v. Carsey Mgmt. et al.*
Civil No. 2014-66
Memorandum Opinion and Order
Page 4

breach of contract against both Carsey and McCormack; and (4) violation of the Uniform Trade Secrets Act against McCormack.[1]

McCormack and Carsey moved to dismiss the complaint in its entirety on November 3, 2014. On April 3, 2015, Great Bay voluntarily dismissed its claims as against Carsey. As such, the only claims remaining are those against McCormack.

## II. DISCUSSION

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

---

[1] The fourth claim is labeled "third cause of action." The third claim is also labeled "third cause of action." Because there is another third cause of action, and because the Uniform Trade Secrets Act claim is the fourth claim that appears in the complaint, the Court refer to it as Count Four.

Case: 3:14-cv-00066-CVG-RM   Document #: 68   Filed: 07/13/15   Page 5 of 17
*Great Bay Condominium Assoc. v. Carsey Mgmt. et al.*
Civil No. 2014-66
Memorandum Opinion and Order
Page 5

will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (citing *Twombly*, 550 U.S. at 557).

Case: 3:14-cv-00066-CVG-RM Document #: 68 Filed: 07/13/15 Page 6 of 17
*Great Bay Condominium Assoc. v. Carsey Mgmt. et al.*
Civil No. 2014-66
Memorandum Opinion and Order
Page 6

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps[2]:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

### III. ANALYSIS

**A. Count Two: Fraud and Misrepresentation**

In Count Two, Great Bay asserts that McCormack made fraudulent misrepresentations to Great Bay. McCormack argues that Great Bay has failed to properly plead a claim for fraud and misrepresentation. Generally, he asserts that Great Bay has failed to sufficiently plead the elements of a fraud claim.

> Under Virgin Islands law, in order to state a claim for common law fraud, plaintiffs must allege (1) a false representation of material fact, (2) the defendant's intent that the

---

[2] *Iqbal* describes the process as a "two-pronged approach" but the Supreme Court took note of the elements a plaintiff must plead to state a claim before proceeding to its two-step approach. Accordingly, the Third Circuit has deemed the process a three step approach. *See Santiago*, 629 F.3d at 130.

Case: 3:14-cv-00066-CVG-RM   Document #: 68   Filed: 07/13/15   Page 7 of 17
*Great Bay Condominium Assoc. v. Carsey Mgmt. et al.*
Civil No. 2014-66
Memorandum Opinion and Order
Page 7

>     statement be acted upon, (3) reliance upon such
>     a statement by the persons claiming to have been
>     deceived, and (4) damages.

*Charleswell v. Chase Manhattan Bank, N.A.*, 308 F. Supp. 2d 545, 568-69 (D.V.I. 2004). "In addition to alleging facts sufficient to support these elements, a plaintiff must satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b) ("Rule 9(b)")." *Id.* at 569.

Rule 9(b) states that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

>     Pursuant to Rule 9(b), a plaintiff alleging
>     fraud must state the circumstances of the
>     alleged fraud with sufficient particularity to
>     place the defendant on notice of the "precise
>     misconduct with which [it is] charged." *Lum v.
>     Bank of America*, 361 F.3d 217, 223–224 (3d Cir.
>     2004). To satisfy this standard, the plaintiff
>     must plead or allege the date, time and place of
>     the alleged fraud or otherwise inject precision
>     or some measure of substantiation into a fraud
>     allegation.

*Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).

A thorough review of the complaint in this matter reveals the following allegations as relates to McCormack's purported fraud or misrepresentation: (1) McCormack, using his status as a listed member of Carsey, used in excess of 560 nights of the

Case: 3:14-cv-00066-CVG-RM   Document #: 68   Filed: 07/13/15   Page 8 of 17
*Great Bay Condominium Assoc. v. Carsey Mgmt. et al.*
Civil No. 2014-66
Memorandum Opinion and Order
Page 8

reduced rates for guests who were not entitled to Great Bay member benefits; (2) McCormack was not in residence during some or all of those 560 nights. That is the extent of the allegations as relate specifically to any representations made by McCormack which were purportedly fraudulent. Notably, there are no allegations concerning the date, time, or place of any fraudulent representations, or even that any communication or representation was made by McCormack at all. That is, it is impossible to know the "precise misconduct with which [the defendant] is charged." *Id.* (citing *Lum v. Bank of America*, 361 F.3d 217, 223-224 (3d Cir. 2004)).

As Great Bay has failed to allege that McCormack made a fraudulent misrepresentation with the particularity required by Rule 9(b), it has failed to state a claim for fraud and misrepresentation.

**B. Count Three: Breach of Contract**

In Count Three, Great Bay alleges that McCormack has breached a contractual agreement with it. McCormack argues that Great Bay has failed to state a claim for breach of contract.

There are four elements to a contract claim in the Virgin Islands: "(1) an agreement, (2) a duty created by that agreement, (3) a breach of that duty, and (4) damages." *Bank of Nova Scotia v. Ross*, Civ. No. 2010-118, 2012 WL 4854776 (D.V.I.

Case: 3:14-cv-00066-CVG-RM Document #: 68 Filed: 07/13/15 Page 9 of 17
*Great Bay Condominium Assoc. v. Carsey Mgmt. et al.*
Civil No. 2014-66
Memorandum Opinion and Order
Page 9

Oct. 12, 2012)(slip op.)(citing to *Arlington Funding Services, Inc. v. Geigel*, 51 V.I. 118, 135 (V.I. 2009)). An agreement may be either express or implied wholly or partially from the parties' conduct. Restatement (Second) of Contracts § 4; *see Delta Elec. v. Biggs*, 2011 WL 4463211, *3 (D.V.I. App. Div. 2011). "A party who breaches a contract is liable for all natural and probable consequences of the breach of that contract." *Mendez v. Coastal Sys. Dev., Inc.*, 2008 WL 2149373, *12 (D.V.I. 2008).

In considering what has been well pled, for purposes of disposing of a motion to dismiss, the Court excises from the complaint any allegations which are simply legal conclusions. *Santiago*, 629 F.3d at 130. As such, the Court will disregard statements in the complaint such as, "Defendants Carsey and McCormack were and are obligated to comply with all the governing documents of [Great Bay][.]" (Amend. Compl. ¶ 25.) Similarly, the Court will disregard the assertion that, "[b]y making reservations for purported friends or guests when he was not actually in residence at [Great Bay], Defendant McCormack breached his agreement with [Great Bay]." (*Id.* ¶ 26.)

The Court finds that the following facts have been well pled: (1) Great Bay has something called "Reservation Procedures"; (2) the "Reservation Procedures" require that the

unit owner or authorized representative be in residence at Great Bay whenever reservations are made for guests at the reduced rate; (3) these "Reservation Procedures" were part of Great Bay's governing documents; (4) McCormack was provided a copy of these rules; and (5) McCormack's guests paid the reduced rate during times that McCormack was not in residence at Great Bay.

A condominium association's governing documents are contracts between the association and the property owners or renters. *See Weary v. Long Reef Condo. Assoc.*, 57 V.I. 163, 174 n. 2 (V.I. 2012)("Since the articles of incorporation and By-Laws create a contractual relationship between the parties, we apply the general rules for contracts to construe an Association's governing documents."); *Opera Plaza Residential Parcel Homeowners Assoc. v. Hoang*, 376 F.3d 831, 840 (9th Cir. 2004)(characterizing a claim for "breach of governing documents" as a common law breach of contract claim). Pursuant to Virgin Islands law, the obligations imposed by an association's governing documents extend to "all apartment owners, tenants of such owners, employees of owners and tenants, or any other person that may in any manner use property or any part thereof[.]" V.I. CODE ANN. tit. 28, § 927.

Great Bay has alleged that the policies at issue in this case were within its governing documents. As such, Great Bay

Case: 3:14-cv-00066-CVG-RM Document #: 68 Filed: 07/13/15 Page 11 of 17
*Great Bay Condominium Assoc. v. Carsey Mgmt. et al.*
Civil No. 2014-66
Memorandum Opinion and Order
Page 11

has properly alleged that a contract existed and created certain duties. By operation of law, those duties extended to McCormack as a tenant of the apartment owned by Carsey. Great Bay has further alleged that McCormack violated the rules contained within the governing documents. Such behavior could constitute a breach. Finally, Great Bay has alleged that due to the alleged breach it was deprived of certain rental amounts. Great Bay has, therefore, alleged damages.

As Great Bay has alleged each element of a breach of contract claim, this Count is sufficient to survive McCormack's motion to dismiss.

**C. Count Four: Breach of Uniform Trade Secrets Act**

Finally, Great Bay asserts that McCormack has misappropriated trade secrets, in violation of the Virgin Islands Trade Secrets Act ("VIUTSA"). McCormack argues that Great Bay has failed to state a claim for relief under the VIUTSA.

> [T]o prove misappropriation of a trade secret, a plaintiff must show: (i) that he or she possessed a valid trade secret, (ii) that the trade secret was disclosed or used without consent, and (iii) that the defendant knew, or should have known, that the trade secret was acquired by improper means.

Case: 3:14-cv-00066-CVG-RM   Document #: 68   Filed: 07/13/15   Page 12 of 17
*Great Bay Condominium Assoc. v. Carsey Mgmt. et al.*
Civil No. 2014-66
Memorandum Opinion and Order
Page 12

*Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 847 (10th Cir. 1993).[3]

> A valid trade secret is defined by the VIUTSA as,
>
>> information, including a formula, pattern, compilation, program, device, method, technique, or process, that:
>
> (1) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and
> (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

V.I. CODE ANN. tit. 11, § 1002 (definitions). Improper means of obtaining such information is defined as, "include[ing] theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means[.]" *Id.*

In considering what has been well pled, for purposes of disposing of a motion to dismiss, the Court excises from the complaint any allegations which are simply legal conclusions. *Santiago*, 629 F.3d at 130. As such, the Court will disregard statements in the complaint such as, "Great Bay has made efforts

---

[3] The Uniform Trade Secrets Act has been adopted by a number of states, Colorado among them, whose versions of the Act are substantially similar if not identical to that contained in the VIUTSA. Furthermore, the VIUTSA specifically instructs, in pertinent part, that, "[t]his chapter shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this chapter among states enacting it." V.I. CODE ANN. tit. 11, § 1009.

Case: 3:14-cv-00066-CVG-RM   Document #: 68   Filed: 07/13/15   Page 13 of 17
*Great Bay Condominium Assoc. v. Carsey Mgmt. et al.*
Civil No. 2014-66
Memorandum Opinion and Order
Page 13

that are reasonable under the circumstances to maintain secrecy of said information." (Amend. Compl. ¶ 32.)

The Court finds that the following facts have been well pled as relate to the VIUTSA claim: (1) Great Bay maintained a list of its members; (2) McCormack is in possession of a list of Great Bay's members; (3) McCormack used his list of Great Bay's members to contact members in order to offer to rent the members' residences to non-members at prices discounted from the reduced rate and general rates; and (4) Great Bay's governing documents prohibit rental by individual members. The Court notes that Great Bay has not alleged what methods it took to maintain the secrecy of its list of members, what independent value the list derived by not being generally known, or that the list was acquired by improper means.

The United States Court of Appeals for the Federal Circuit was faced with the issue of what constituted sufficient pleading of a Uniform Trade Secrets Act claim in *ABB Turbo Systems AG v. Turbousa, Inc.*, 774 F.3d 979 (Fed. Cir. 2014). In that case, ABB Turbo had alleged some, if not all, of the particular methods it had used to maintain confidentiality and secrecy as related to its trade secrets. *ABB Turbo Sys.*, 774 F.3d at 986. ABB Turbo also alleged the method of misappropriation, "clandestine communications and cash payments[.]" *Id*. at 985. The trial court

Case: 3:14-cv-00066-CVG-RM Document #: 68 Filed: 07/13/15 Page 14 of 17
*Great Bay Condominium Assoc. v. Carsey Mgmt. et al.*
Civil No. 2014-66
Memorandum Opinion and Order
Page 14

held that such protections were not "reasonable" as a matter of law, and granted a motion to dismiss the claim. *Id.* at 985-86.

The Federal Circuit reversed. *Id.* at 989. The Uniform Trade Secrets Act, the Court noted, required that "reasonable" efforts at protection be made. *Id*. at 986. The Federal Circuit noted that a plaintiff invoking the protection of the Uniform Trade Secrets Act was required to plead enough to nudge a claim "across the line from conceivable to plausible." *Id*. The legal determination of reasonableness was not to be considered at the motion to dismiss stage of proceedings. *Id*.

Here, as in *ABB Turbo Sys.*, the plaintiff, Great Bay, is obligated to plead enough about its protections and the alleged misappropriation to nudge its claim "across the line from conceivable to plausible." *ABB Turbo Sys.*, 774 F.3d at 986. Unlike ABB Turbo, Great Bay has failed to do so. There is no allegation of what protections, if any, were taken or how its information was misappropriated. Indeed, there are very few factual allegations relating to the necessary elements of a VIUTSA claim. Instead, the complaint contains a series of legal conclusions which much be excised for purposes of determining if a claim has been stated.

Case: 3:14-cv-00066-CVG-RM Document #: 68 Filed: 07/13/15 Page 15 of 17
*Great Bay Condominium Assoc. v. Carsey Mgmt. et al.*
Civil No. 2014-66
Memorandum Opinion and Order
Page 15

As Great Bay has failed to allege any facts which make a claim under the VIUTSA plausible in this case, it has failed to state a claim under VIUTSA.

**D. Failure to Include Indispensable Parties**

McCormack also argues that this matter should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(7) ("Rule 12(b)(7)") for failure to join necessary parties. Rule 12(b) states in pertinent part that, "[A] party may assert the following defenses by motion . . . failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7).

Federal Rule of Civil Procedure 19 requires certain parties to be joined in a civil action where feasible. *See* Fed. R. Civ. P. 19. Specifically, it instructs in pertinent part that

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>   (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
>   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Case: 3:14-cv-00066-CVG-RM Document #: 68 Filed: 07/13/15 Page 16 of 17
*Great Bay Condominium Assoc. v. Carsey Mgmt. et al.*
Civil No. 2014-66
Memorandum Opinion and Order
Page 16

Fed. R. Civ. P. 19(a).

McCormack argues that the other members and owners of property at Great Bay must be joined as indispensable parties. He provides no information which supports an inference or in fact at all suggests that other owners or members would be impacted by this litigation. This is a case brought against McCormack specifically by Great Bay. Great Bay alleges that McCormack, individually, engaged in fraudulent behavior and breached a contract between Great Bay and McCormack. The other owners and members of Great Bay are not needed to afford Great Bay the relief it seeks. Additionally, resolution of those claims neither implicates the interests of any other owner, nor exposes either of the parties to this litigation to the risk of multiple obligations. As such, the other owners and members are not indispensable parties, and McCormack's motion under Rule 12(b)(7) must be denied.

## IV. CONCLUSION

It is evident that as the Complaint currently stands, two of its three claims are deficient. Where a claim is subject to dismissal, district courts are instructed to provide the plaintiff with leave to amend even if the plaintiff has not requested such leave. *See Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). The only exception to this general

rule is where the district court finds that amendment would be inequitable or futile. *See id.* The Court does not find that amendment would be futile or inequitable here.

The premises considered, it is hereby

**ORDERED** that McCormack's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**; it is further

**ORDERED** that Count Two of the Complaint is **DISMISSED without prejudice**; it is further

**ORDERED** that Count Four of the Complaint is **DISMISSED without prejudice**; and it is further

**ORDERED** that Great Bay shall, to the extent it wishes to do so, amend Counts Two and Four of its Complaint by no later than 3:00 PM on July 24, 2015.

                                                      S\_____
                                                        **Curtis V. Gómez**
                                                        **District Judge**